UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER GUTHRIE, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:17-CV-2209 JAR |
| TROY STEELE, | ) ) ) |
| Respondent, | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Christopher Guthrie for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is untimely, and as a result, he must show cause why it should not be summarily dismissed.

On April 14, 2010, petitioner pled guilty to DWI – Chronic Offender. *Missouri v. Guthrie*, No. 09RA-CR00797-01 (Randolph County). On the same day, the court sentenced him to 15 years' imprisonment. However, the court suspended the execution of the sentence. He did not file a direct appeal.

On May 1, 2013, the court revoked his probation and remanded him to the Department of Corrections. He did not appeal.

On October 1, 2014, petitioner filed a Rule 91 habeas petition challenging the revocation. *Guthrie v. Russell*, No. 14SF-CC00196 (St. Francois County). The court denied the petition on March 2, 2015. On November 2, 2015, he filed a second Rule 91 petition in the Missouri Court of Appeals, which the court denied on November 30, 2015. *Guthrie v. Steele*, No. ED103623 (Mo. Ct. App.). And on February 2, 2017, he filed a third petition in the Missouri Supreme Court, which was denied on April 4, 2017.

Petitioner filed the instant petition on July 10, 2017, which is the date he placed it in the prison mail system. He challenges both the original sentence and the revocation. Both challenges are untimely.

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. The limitations period is tolled during the time which a properly filed motion for postconviction relief is pending in the state courts.

In Missouri, a suspended execution of sentence is no different than an executed sentence for purposes of finality. *Edwards v. Missouri*, 215 S.W.3d 292, 295 (Mo. Ct. App. 2007). If no direct appeal is taken, a Missouri conviction becomes final ten days after the judgment is entered. Mo. R. Civ. P. § 81.04(a). So, petitioner's judgment became final on April 24, 2010. The limitations period under § 2244(d), therefore, expired on April 24, 2011, and the claims relating to his conviction are untimely.

Petitioner's judgment of revocation became final on May 11, 2013. So, the limitations period expired on May 11, 2014, well before he filed his first Rule 91 petition. As a result, petitioner must show cause why the petition should not be summarily dismissed as untimely.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that, no later than twenty-one days (21) from the date of this Order, petitioner must show cause why this action should not be untimely.

2

**If petitioner does not respond to this Order, the Court will dismiss this action without further proceedings.**

Dated this 7th day of August, 2017.

/s/ John A. Ross
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE