## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

CHRISTOPHER GUTHRIE, )
)
Petitioner, )
)
v. ) No. 4:17-CV-2209 JAR
)
TROY STEELE, )
)
Respondent, )

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's response to the Order to Show Cause why this action should not be dismissed as untimely. After reviewing the response brief, the Court finds that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 should be dismissed as time-barred.

### Background

On April 14, 2010, petitioner pled guilty to DWI – Chronic Offender. *Missouri v. Guthrie*, No. 09RA-CR00797-01 (Randolph County). On the same day, the court sentenced him to 15 years' imprisonment. However, the court suspended the execution of the sentence ("SES"). Petitioner did not file a direct appeal of his conviction and sentence.

Almost three years later, on May 1, 2013, the court revoked petitioner's probation and remanded him to the Department of Corrections. Petitioner did not file an appeal of his revocation.

On October 1, 2014, petitioner filed a Rule 91 habeas petition challenging the revocation. *Guthrie v. Russell*, No. 14SF-CC00196 (St. Francois County). The court denied the petition on March 2, 2015. On November 2, 2015, he filed a second Rule 91 petition in the Missouri Court

of Appeals, which the court denied on November 30, 2015. *Guthrie v. Steele*, No. ED103623 (Mo. Ct. App.). And on February 2, 2017, he filed a third petition in the Missouri Supreme Court, which was denied on April 4, 2017.

Petitioner filed the instant petition on July 10, 2017, which is the date he placed it in the prison mail system. In his response brief, petitioner states that he is only challenging the revocation.[1]

## Discussion

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. The limitations period is tolled during the time which a properly filed motion for post-conviction relief is pending in the state courts.

In Missouri, a suspended execution of sentence is a no different than an executed sentence for purposes of finality. *Edwards v. Missouri*, 215 S.W.3d 292, 295 (Mo. Ct. App. 2007). If no direct appeal is taken, a Missouri conviction becomes final ten days after the judgment is entered. Mo. R. Civ. P. § 81.04(a). Petitioner's judgment of revocation became final on May 11, 2013. Accordingly, the limitations period expired on May 11, 2014, well before petitioner filed his first application for state habeas corpus.

Petitioner asserts in his response to the Order to Show Cause that his limitations period should be tolled by a post-conviction motion he filed in Randolph County Circuit Court on June 5, 2013. *See Guthrie v. State*, No. 13RA-CV00609 (14th Circuit Court, Randolph County). The Court has reviewed Missouri.Case.Net and found that this matter was dismissed by the state

---

[1] Petitioner appears to concede that any challenge to his original conviction would be untimely.

2

court on August 28, 2013, for being filed "well outside the time constraints of Missouri Supreme Court Rule 24.035."[2] *Id.*

State post-conviction proceedings only toll the limitations period if they are "properly filed." 28 U.S.C. § 2244(d)(2). Because petitioner's post-conviction motion was not properly filed under state law, it cannot toll the limitations period. *Walker v. Norris,* 436 F.3d 1026, 1032 (8th Cir. 2006) citing *Pace v. DiGuglielmo,* 544 U.S. 408, 417 (2005) (If the state court rejected petitioner's post-conviction application "as untimely, it was not properly filed, and he is not entitled to statutory tolling. . .").

In light of the aforementioned, petitioner has not shown that his application for writ of habeas corpus in this Court was timely. As such, his petition will be dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus is **DENIED AND DISMISSED AS TIME-BARRED.**

---

[2]Petitioner additionally filed a "Petition for Writ of Prohibition" in the Missouri Court of Appeals, Western District on October 21, 2013 asking the Court to intervene in the execution of the revocation of his probation. *See Guthrie v. The Honorable Mason Robert Gebhardt,* Case No. WD76935. The matter was denied on November 19, 2013. Petitioner filed a second "Petition for Writ of Prohibition" in the Missouri Supreme Court on May 6, 2014. *See State ex rel. Christopher Guthrie,* No. SC94170. These matters do not toll the statute of limitations under § 2244(d) as they are not properly filed motions for post-conviction relief in Missouri. Petitions for writ of prohibition test the subject matter jurisdiction of the circuit court. Moreover, Missouri does not permit successive post-conviction motions. Mo. S. Ct. R. 24.035(*l*) ("The circuit court shall not entertain successive motions."). And the bar on successive post-conviction motions is jurisdictional. *Turpin v. Missouri,* 223 S.W.3d 175 176 (Mo. Ct. App. 2007).

3

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 29th day of September, 2017.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE